IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

MAYBEL JAYME, IRINA WALLER, and
CRYSTAL CASANOVA,

        Plaintiffs,

    v.

CHECKSMART FINANCIAL, LLC.,
and DOES 1 through 100, inclusive,

        Defendants.

2:10-cv-01174-GEB-KJN

<u>ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND</u>*

---

Plaintiffs move to remand this case to Sacramento County Superior Court in California from which Defendant removed it. Removal was under the Class Action Fairness Act of 2005 ("CAFA"). CAFA "vests district courts with 'original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(2)). Defendant "bears the burden of establishing . . . jurisdiction" under CAFA. <u>Abrego Abrego v. The Dow Chem. Co.</u>, 443 F.3d 676, 686 (9th Cir. 2006).

---

    * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Plaintiffs argue Defendant has not satisfied its burden of showing that the amount in controversy exceeds $5,000,000.

Plaintiffs allege in their complaint that "the maximum potential recovery as a result of this action is less than $5,000,000." (Compl. ¶ 1.) "[W]here the plaintiff has pled an amount in controversy less than $5,000,000," the removing party "must prove with legal certainty that CAFA's jurisdictional amount is met." Lowdermilk, 479 F.3d at 1000. The parties agree the legal certainty standard applies. (Notice of Removal ¶ 11; Mot. to Remand 1:10-13.) Under this standard, Defendants "'must not only contradict the [P]laintiff[s'] own assessment of damages, but must overcome the presumption against federal jurisdiction' by showing [P]laintiff[s] [are] legally certain to recover at least five million dollars, assuming proof of liability." Hollinghurst v. Lacoste USA, 2010 WL 2630365, at *3 n.3 (C.D. Cal. 2010) (quoting Lowdermilk, 479 F.3d at 999).

Plaintiffs allege seven claims in their complaint under the California Labor Code and one claim under the California Business and Professions Code. Defendant argues the amount in controversy is $5,225,658 based on Plaintiffs' fifth, sixth, and seventh claims, the civil penalties recoverable under the Private Attorney General's Act of 2004 ("PAGA") for all seven Labor Code claims, and recoverable attorneys' fees. Defendant provides the declaration of Pagle Helterbrand, Vice President of Human Resources for Defendant ("Helterbrand") in support of its calculation. Helterbrand declares Defendant's records "indicate that [there are] approximately 210 individuals whose employment [with Defendant] has ended" during the period from April 2007 to April 5, 2009. (Id. ¶ 4.). Helterbrand

1  also declares that from April 5, 2009 to April 5, 2010, Defendant
2  "employed approximately 138" store managers, shift managers, and
3  customer services representatives. (Id. ¶ 5.) Helterbrand declares
4  these 138 employees "worked a total of 2,560 pay periods during that
5  time period." (Id.) However, after "[t]aking a close look at
6  Defendant's . . . figures . . . there is a conspicuous lack of
7  evidentiary support for these numbers." Green v. Staples Contract &
8  Commercial, Inc., 2008 WL 5246051, at *4 (C.D. Cal. 2008).

9        First, Defendant fails to show how it calculated the amount
10 in controversy in Plaintiffs' fifth claim in which Plaintiffs seek
11 waiting time penalties under California Labor Code section 203.
12 Defendant states: "[t]he total waiting time penalties Plaintiffs seek
13 on behalf of the former employees is $549,215, which represents 30
14 days of wages for each of the 210 employees, calculated at the rate of
15 8 hours per day at the employee's last rate of pay." (Notice of
16 Removal 8:9-11.) However, Defendant has failed to explain how it
17 calculated the wage of each employee. "[A]bsent . . . evidence"
18 showing the wage of each employee, "it is nearly impossible to
19 estimate with any certainty the actual amount in controversy" under
20 Plaintiffs' fifth claim. Lowdermilk, 479 F.3d at 1001.

21       Further, Helterbrand has not explained how she calculated
22 that 2,560 pay periods were worked during the April 5, 2009 to April
23 5, 2010 time period. Plaintiffs allege in the complaint that the
24 three named Plaintiffs' respective employment ended on different
25 dates. (Compl. ¶¶ 17-19.) This variation in employment end dates
26 indicates that not all 138 class members worked the same amount of pay
27 periods; Defendant has not explained how its pay period calculation
28 accounts for this variation. Defendant uses the 2,560 pay period

figure in calculating that $249,100 is the amount in controversy under Plaintiffs' sixth claim and that $3,487,400 is the amount of PAGA penalties Plaintiffs' seek. Without more detailed information as to how Helterbrand approximated the number of pay periods, Defendant's calculations based on that figure appears to be speculative. Therefore, Defendant has not provided evidence sufficient to permit using these figures in calculating the total amount in controversy.

Defendant has also failed to provide sufficient evidence in support of the class sizes. See id. at 1001 (stating the problem with Defendant's figures are "only compounded if Defendant is wrong about . . . the class size"). Here, Helterbrand declares there are two relevant subclasses: (1) the 210 employees whose employment ended during the time period April 2007 to April 5, 2009, and (2) the 138 employees who worked for Defendant during the time period April 5, 2009 to April 5, 2010. These figures are supported only by Helterbrand's conclusory averment that she "reviewed [Defendant's] records." However, this evidence is insufficient to "contradict the [P]laintiff[s'] own assessment of damages" under the legal certainty standard. Id. at 999.

Moreover, Defendant uses the 138 employee figure to calculate $484,000 in PAGA civil penalties for Plaintiffs' waiting time penalties claim without explaining why Defendant concludes that 138 employees quit or were discharged during the one-year time period from April 5, 2009 to April 5, 2010. Although Helterbrand declares that 210 employees quit or were discharged within the three-year statute of limitations period for the waiting time penalties claim, Defendant has not provided evidence showing that 138 employees quit or were discharged within the one-year statute of limitations for PAGA

civil penalties.  Therefore, Defendant has not provided evidence sufficient to permit using this portion of the PAGA civil penalties in calculating the total amount in controversy.

      Lastly, Defendant estimates it will recover twenty percent of the "total penalties" in attorneys' fees, which Defendant estimates will be $870,943.  Defendant provides the declaration of its counsel, Cary G. Palmer, to establish that twenty percent of total penalties is an appropriate and reasonable attorney fee award in this case. (Palmer Decl. ¶ 8.)  However, Defendant's attorneys' fees calculation is problematic because the total penalty figure used to calculate it has not been shown to be based on evidence sufficient to satisfy the legal certainty standard.  (Notice of Removal 7:8-12.)  Since Defendant has not met its burden of "prov[ing] with legal certainty that CAFA's jurisdictional amount is met," Plaintiffs' remand motion is granted.  <u>Lowdermilk</u>, 479 F.3d at 1000.  Therefore, this case is remanded to Superior Court of California, County of Sacramento from which it was removed.

Dated: July 21, 2010

                                                 _____
                                               GARLAND E. BURRELL, JR.
                                               United States District Judge